## JOHN E. THAYER & another *vs.* JOHN S. TYLER.

*It seems*, that under the Rev. Sts. *cc.* 90, 92, no judgment can be rendered at the first term upon the default of a defendant who was out of the State at the time of the service of the summons, whether he has ever been an inhabitant of the State or not.

Under *St.* 1839, *c.* 158, judgment cannot be rendered against a foreign corporation, without such notice as is provided by the Rev. Sts. *c.* 92.

Service of process upon a foreign insurance company who have appointed an attorney in this commonwealth to accept service of process against them, as required by *St.* 1851, *c.* 331, must be made upon him.

A trustee in foreign attachment may object on *scire facias* that judgment was rendered in the original action at the first term against the principal defendant, who was not in the State at the time of service, without giving the further notice required by statute in such cases.

SCIRE FACIAS against a trustee in foreign attachment. The original writ was on a policy of insurance against the Franklin Marine and Fire Insurance Company, a corporation established by the laws of New York, and was served on the 3d of September 1853 upon Tyler as trustee. The only service of it upon the corporation, as stated in the officer's return, was " by delivering to John S. Tyler, as the agent of said company, a true copy of this writ by me attested," on the 16th of September. Tyler throughout that month was an agent of the corporation, authorized to issue policies in their behalf, and to adjust losses under the same. He did not however make the policy sued on, and was not an attorney appointed by the company under *St.* 1851, *c.* 331, to receive service of process. But another person residing and doing business in Roxbury was such attorney, duly constituted. The corporation had actual notice of the action before the return day. At the first term the corporation and trustee, not appearing, were defaulted, and judgment rendered against them, and the present action commenced. The case was submitted to the decision of this court upon the above facts and others not material to the decision.

This case was argued at March term 1857.

*J. P. Putnam*, for the plaintiffs. 1. Assuming that a foreign corporation is an " absent defendant," the service was sufficient. By the Rev. Sts. *c.* 90, § 45, 1st, " if the defendant is out of the State at the time of the service of the summons," the service is

Thayer & another *v.* Tyler.

to be made at his last and usual place of abode; "and," 2d, "if the defendant never was an inhabitant of the state," the summons is to be served upon his tenant, agent or attorney, "and if there be no such tenant, agent or attorney within the State, known to the officer or to the plaintiff, the officer shall certify the facts in his return, and the court *may* thereupon" order further notice, as provided in *c.* 92. The provision of *c.* 90, § 48, that "in all cases when the defendant is out of the State at the time of the service of the summons, he *shall* be entitled to further notice," as provided in *c.* 92, must be referred and restricted to the first class of cases, described in § 45 in precisely similar language — residents and citizens temporarily out of the State; not those who have never been citizens. Those are within the provision of *c.* 92, § 3, that "if the defendant is not an inhabitant or resident within the State," or if his residence is not known, or he has no last and usual place of abode, nor any tenant, agent or attorney, the court "*shall* order the action to be continued" until further notice can be given — which implies that, if there is such an agent, the action shall not be continued. To hold all these provisions applicable to those who never resided here would put §§ 45, 48 in conflict with each other, unless "shall" and "may" are equivalent, in which case the whole of § 45 would seem to be superfluous.

2. The original defendants, being a foreign corporation, are not within the Rev. Sts. *c.* 90, §§ 45, 48; *c.* 92, § 3. *Peckham* v. *North Parish in Haverhill*, 16 Pick. 286. Such corporations were first made liable to be sued, and their property to be attached, by *St.* 1839, *c.* 158, which provides that "the service of the writ in such case shall be made in the manner provided in" the Rev. Sts. *cc.* 90, 92, "with such further service, if any, as the court to which the writ is returnable may order." Chapter 92 of the Rev. Sts. does not provide for "service," but only for notice in certain cases where service has already been made and the court already has jurisdiction. The service required by *c.* 90, § 45, had been made. And the court did not, as they might have done, require any further service under *St* 1839 *c.* 158, but ordered judgment.

A foreign corporation, having an agent residing here to con-duct a branch of its business, can hardly be considered as out of the Commonwealth, at least for the purposes of notice, within the meaning of the Rev. Sts. But if it can, the Rev. Sts. *c.* 92, § 3, do not require the court to order notice to a party who has already had actual notice. *Morrison* v. *Underwood,* 5 Cush. 52. "Shall" in that section is to be construed "may." *People* v. *Cook,* 14 Barb. 259. *People* v. *Smith,* 1 Parker C. C. 374. *State* v. *Click,* 2 Alab. 26

3. The officer's return shows a sufficient service on an agent of the corporation. The *St.* of 1851, *c.* 331, requiring the cor-poration to have a particular attorney upon whom service may be made, does not repeal the Rev. Sts. *cc.* 90, 92, nor preclude service on some other attorney.

4. A trustee cannot plead or prove anything on *scire facias,* which he could have pleaded or given in evidence in the original action. *Wilcox* v. *Mills,* 4 Mass. 218. *Sigourney* v. *Stockwell,* 4 Met. 518. *Smith* v. *Eaton,* 36 Maine, 298.

*J. W. May,* for the defendant.

DEWEY, J.    It is difficult to ascertain satisfactorily the precise intent of the legislature in the enactments in the Rev. Sts. *c.* 90 and *c.* 92, in relation to the service of writs upon absent defend-ants, and particularly as to the necessity of a continuance of the action and an order of the court for further notice to the de-fendant.

In the case of *Leonard* v. *Bryant,* 2 Cush. 32, where the tenant in a real action was out of the State at the time of the service, and not then a resident or inhabitant, although he formerly had been, and, as the facts add, then "had no last and usual place of abode in Massachusetts," it was held, that, in addition to the service, prescribed in *c.* 90, § 47, of leaving a summons with the tenant of the premises, the case should be continued and notice given in the manner prescribed in *c.* 92. § 3; and a judgment rendered at the first term upon default was held invalid, and subject to be avoided by a third party, without a writ of error.

In the case of *Downs* v. *Fuller,* 2 Met. 135, which was a case

of an absent debtor having left his family here, but himself an absconding debtor, a judgment taken by the plaintiff at the first term, and without complying with the provisions of *c.* 92, § 3, was held invalid and voidable by a third party.

In the case of *Packard* v. *Matthews*, 9 Gray, 311, the defend-- ant was at the time of the service out of the Commonwealth, and not a resident within the same. Upon a return by the officer that he left a summons for each defendant "at their last and usual place of abode, they being out of the Commonwealth at the time," a writ of error was maintained on the part of the de- fendant, and the judgment reversed, for want of a continuance and order of notice to the party.

The case of *Morrison* v. *Underwood*, 5 Cush. 52, relied upon by the plaintiffs, was decided by the court upon the single ground of a waiver of further service and a judgment taken by consent; and was not intended to overrule the cases of *Downs* v. *Fuller* and *Leonard* v. *Bryant*, although those cases do not seem to have been adverted to in the published opinion of the court. The case of *Downs* v. *Fuller* would have required the reversal of that judgment, but for the other circumstances appearing in the case, which it was thought removed the ground for sustaining a writ of error.

It is however contended that a distinction exists between persons who have never been inhabitants of the State and those who have removed therefrom, including those temporarily ab- sent; and it is said that foreign corporations are embraced in the class of those who have never been inhabitants here, and the service to be made on them is of the latter character.

Upon this point, the argument on the part of the plaintiffs is that § 48 having used the words "when the defendant is out of the State," which are the same words used in § 45 in describing a class of persons in distinction from those who "never were inhabitants of the State," its provisions must be confined to that class; and if there were no other provisions to be considered in connection therewith, certainly the argument would be a plausi- ble one. But upon recurring to this chapter of the revised statutes, it will be seen that in § 44 the phrase "a person

out of the State" is clearly used to embrace those who have formerly been inhabitants as well as those who never were inhabitants. So also in § 47, in reference to real actions, the phrase is used in the same double aspect. Indeed, we have in the case of *Leonard* v. *Bryant, supra*, directly decided that § 48 does apply to "defendants out of the State" in real actions, and that *c.* 92, § 3, does apply to that class of cases. The words of § 48 of *c.* 90, and § 3 of *c.* 92, seem to apply to all cases of defendants out of the State at the time of the service of the summons, and to embrace as well those who never were inhabitants of the State as those who once had a domicil here.

If the case were therefore that of an individual, the provisions of the statute were not complied with, and the judgment was invalid for that cause.

The further inquiry is, whether the like rule in all respects applies to foreign corporations, as to individuals residing without the State. This is regulated by *St.* 1839, *c.* 158 : " The service of the writ in such case shall be made in the manner provided in the ninetieth and ninety-second chapters of the revised statutes, with such further service, if any, as the court to which the writ is returnable may order." It is said on the part of the plaintiffs that *c.* 92 does not provide at all for service, but merely for notice to the party served, and so is not applicable. We think this construction will not do ; but on the contrary that the proper view to be taken is, that the legislature in the act of 1839 intended to use the word "service" as properly descriptive of all that was required to be done by *c.* 92, and that they did not consider the service fully completed independently of the performance of the acts required by *c.* 92. In addition to all that was required by *cc.* 90 and 92, they authorize and require such further service as the court may order.

It is then said that a foreign corporation, having an agency established here, and a branch of their business here, should be treated as a domestic corporation for the service of writs. If this were so, there would seem to be no proper officer to serve processes upon, nothing beyond an agent to make insurances. However this might have been independently of the provisions

of *St.* 1851, *c.* 331, it would seem that by that enactment, requiring every such foreign corporation, before transacting any business within this state, to appoint by a written power, duly filed with the secretary of this commonwealth, some person resident therein their attorney, and providing that service of process upon such attorney shall be deemed to be sufficient service upon his principals, ample provision was made to secure the rights of creditors in Massachusetts, and to furnish all reasonable facilities for serving process on foreign corporations doing business here, and that no necessity exists for introducing an exception of a very doubtful character based solely upon the fact that such corporation was transacting business here. Such attorney was duly appointed in the present case, and a service upon him would have been effectual as against his principals. But no such service was made.

Can the defendant, on this writ of *scire facias,* avail himself of the invalidity of this judgment against the principal defendants? As a general rule, on such *scire facias* nothing could be pleaded which he might have pleaded in the original suit. But the answer to this objection is that prior to the time of the rendition of this judgment there was no cause of complaint on the part of the defendant. The preliminary proceedings were correct, the case was properly in court, and the defendant could not have pleaded a want of proper service, but the court might at any time during the term, on suggestion of the plaintiffs, order a continuance and further notice to the principal defendants. The time for those acts had not yet passed, and no ground existed for complaint or objection in that respect. The judgment having been taken under these circumstances, the present defendant had no day in court to interpose this objection, and has been guilty of no laches in respect thereto.

Such being the case, and the judgment against the principal being shown to be invalid, this defence must avail the trustee, when sought to be charged on the *scire facias.*

*Judgment for the defendant*